IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | |
| Plaintiff, | Civil Action No. 2:11-cv-00400-JRG |
| v. | JURY TRIAL DEMANDED |
| FACEBOOK, INC., *et al.*, | |
| Defendants. | |

**<u>DEFENDANTS' MOTION TO TRANSFER VENUE TO THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>**

Defendants[1] respectfully move the Court under 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Northern District of California ("Northern California").

## I.       INTRODUCTION

Transfer is warranted in this case under § 1404(a) and applicable Fifth Circuit and Federal Circuit precedent for at least the following reasons: (1) the majority of the material witnesses are located in, or relatively near, Northern California, and there are no material witnesses at all in this District; (2) the evidence is located in Northern California or in districts other than this District; and (3) Plaintiff's purported operations in, and alleged ties to, this District are a remarkably transparent attempt to manufacture venue in this District.  Moreover, the public interest factors for determining whether to transfer a case from one district to another either weigh in favor of transfer to Northern California, or are neutral and should have no impact on the transfer analysis.

## II.      FACTS

### A.       Overview

This case was filed by Princeton Digital Image Corporation ("PDIC"), against several West Coast and Western companies alleging infringement of U.S. Patent No. 4,813,056 (the "'056 patent").  The '056 patent issued on March 14, 1989 and expired on December 8, 2007 – more than 4 years ago.  On October 4, 2011 – less than one month after PDIC filed this action – the United States Patent and Trademark Office ("USPTO") found a substantial new question of patentability for the '056 patent, instituting an *ex parte* reexamination of the claims identified by PDIC in its First Amended Complaint (claims 18, 20, 21 and 23) and other claims.  On January 10, 2012, the USPTO rejected all claims subject to the reexamination proceeding, and mailed a final rejection of certain claims on March 6, 2012.

The '056 patent discloses a compression/decompression system and an encoding algorithm

---

[1]  The Defendants include Facebook, Inc. ("Facebook"), ImageShack Corporation ("ImageShack"), Shutterfly, Inc. ("Shutterfly"), Yahoo! Inc. ("Yahoo"), Google Inc. ("Google"), Corbis Corporation ("Corbis"), Getty Images, Inc. ("Getty Images"), and Photobucket.com, Inc. ("Photobucket").

for use with digital video over a transmission channel.  PDIC generally alleges that Defendants infringed the '056 patent by "encoding images in a manner that infringed claims of the '056 patent." Dkt. No. 3 ("First Am. Compl."), ¶ 16.  This case is in its earliest stages, as PDIC has not served its Preliminary Infringement Contentions and no discovery has occurred.

### B.      PDIC has only a tenuous connection to this District

Nothing about this case, the '056 patent, or the allegations against Defendants provides any meaningful connection to this District.  Although PDIC is incorporated in Texas, it has no discernible business or commercial activity beyond enforcing its patent portfolio.  On its website, PDIC claims that it "acquires and licenses technology and patent rights [] to allow for engineering design and development, productization, and monetization of the technology."[2]  PDIC was incorporated in January 2010, two weeks before filing its first patent case in this District.[3]

PDIC appears to have incorporated in Texas for the sole purpose of securing venue in this District.  Such a tenuous connection, however, is insufficient to keep the case here.[4]  The defendants in PDIC's first action moved to transfer that action based in part on PDIC's litigation-driven incorporation in Texas.  On September 30, 2011, Judge Ward transferred the action to the Southern District of New York.[5]  PDIC filed a motion to reconsider Judge Ward's transfer order, which was denied by this Court on January 27, 2012.[6]

### C.      The majority of the Defendants' witnesses and evidence are in or near Northern California

No material witnesses reside in this District and, in contrast, Northern California is far more

---

[2]  *See* http://www.princetondigitalimage.com/
[3]  PDIC filed two previous patent infringement actions in this District, alleging infringement of the '056 patent in both. *See Princeton Digital Image Corp. v. Canon Inc., et al.*, Case No. 2:10-cv-00029 (E.D. Tex. 2010) (currently Case No. 1:12-cv-00779-RJS (S.D.N.Y.)) and *Princeton Digital Image Corp. v. Ricoh Co., Ltd.*, Case No. 2:11-cv-00039 (E.D. Tex. 2011), in which Ricoh moved to transfer venue to the Southern District of New York on February 14, 2012.
[4]  *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (transfer ordered where plaintiff's formation in Texas was recent and "an artifact of litigation").  Notably, PDIC's alleged offices in Texas are at the exact same street address as Plaintiff MedIdea in *Zimmer.*  First Am. Compl. ¶ 1; *see Zimmer*, 609 F.3d at 1379.
[5]  *See* Order Granting Motion to Change Venue, No. 2:10-cv-00029-TJW (E.D.Tex. 2010), Dkt. No. 143.
[6]  *See id.*, Dkt. No. 165.

convenient for the majority of the witnesses and evidence. Indeed, five defendants – Facebook, ImageShack, Shutterfly, Yahoo and Google – are headquartered in Northern California. The remaining three defendants – Photobucket, Corbis, and Getty Images[7] – are headquartered in Denver, Colorado and in Seattle, Washington, closer to Northern California than to this District. PDIC is a non-practicing entity with no relevant witnesses in this District.

### 1.     Facebook

Facebook is a Delaware corporation with its headquarters in Menlo Park, California.[8] Facebook was established in Palo Alto in June 2004.[9] Indeed, except for the first few months of its beginnings, the majority of Facebook's existence and operations have occurred at its headquarters in Northern California, currently located in Menlo Park.[10] Consequently, most of Facebook's sources of proof and known witnesses relevant to this action are, or are likely to be, located in Northern California or Washington.[11] Conversely, none of Facebook's witnesses and evidence is located in this District.[12] Facebook maintains no offices in this District, and knows of no witnesses who reside in this District. *Id.* Facebook has not developed any products or services in this District, and none of the evidence likely to be produced in this case is located in this District.[13]

### 2.     ImageShack

ImageShack is headquartered in Los Gatos, California, which is in Northern California.[14]

---

[7] Defendant Getty Images, Inc. is a holding company that does not produce goods or services. To the extent Getty Images understands PDIC's Complaint to allege infringement based on image encoding processes, Getty Images notes that the entities potentially involved in such processes are Getty Images (Seattle), Inc. and Getty Images (US), Inc. As pled in its Answer, Getty Images objects to personal jurisdiction and does not now waive personal jurisdiction. Getty Images' representations in this motion encompass the actions of Getty Images' related entities in anticipation that Plaintiff's allegations of infringement will be amended and directed at the appropriate related entities.
[8] *See* Facebook, Inc's Answer to Plaintiff's First Amended Complaint, Dkt. No. 41 at ¶ 2.
[9] *See* Decl. of Michelle Cunanan in Support of Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of California ("Cunanan Decl.," attached hereto as Exhibit 1), ¶ 2.
[10] *Id.*
[11] *Id.* ¶¶ 3-4.
[12] *Id.* ¶¶ 5-6.
[13] *Id.*
[14] *See* Declaration of Jack Levin in Support of Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of California ("Levin Decl.," attached hereto as Exhibit 2), ¶ 2.

All of ImageShack's employees are based at the headquarters in Los Gatos.[15]  Although PDIC has not accused any specific ImageShack product of infringement, all ImageShack employees with knowledge of ImageShack's image processing operations, including any encoding of images, work at the headquarters in Los Gatos.[16]  The individuals with the most knowledge of ImageShack's relevant finances, sales, and marketing also work at ImageShack's Los Gatos headquarters.[17]  None of ImageShack's products or services was developed or is managed in this District.[18]  ImageShack has no employees in this District, maintains no documents in this District, and knows of no relevant witness or evidence in this District.[19]

### 3.     Shutterfly

Shutterfly is headquartered in Redwood City, California, in Northern California.[20]  Although PDIC has not accused any specific Shutterfly product of infringement, the majority of witnesses with knowledge of Shutterfly's image processing operations, including any encoding of images, either work at Shuttefly's headquarters in Redwood City, or in Sunnyvale, California, also in Northern California.  A smaller number of employees work in locations far closer to Northern California than to this District.[21]  In particular, all of the Shutterfly employees - with perhaps one exception - with the most technical knowledge of Shutterfly's image processing products work in Redwood City or closer to Northern California than to this District.[22]  The individuals with the most knowledge of Shutterfly's relevant finances, sales, and marketing work in Redwood City.[23]  None of Shutterfly's image processing products was developed or is managed in this District.[24]  Shutterfly

---

[15]  *Id.* ¶ 3.
[16]  *Id.* ¶ 4.
[17]  *Id.* ¶ 5.
[18]  *Id.* ¶ 6.
[19]  *Id.* ¶ 7.
[20]  *See* Declaration of Steve Leech in Support of Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of California ("Leech Decl.," attached hereto as Exhibit 3), ¶ 2.
[21]  *Id.* ¶ 3.
[22]  *Id.* ¶ 4.
[23]  *Id.* ¶ 5.
[24]  *Id.* ¶ 6.

has no employees in this District, maintains no documents in this District, and knows of no relevant witness or evidence in this District.[25]

### 4. Yahoo

Yahoo! is headquartered in Sunnyvale, California, in Northern California.[26] Although PDIC has not accused any specific Yahoo! product of infringement, the majority of witnesses with knowledge of Yahoo!'s image processing operations, including any encoding of images, either work at Yahoo!'s headquarters in Sunnyvale, its offices in San Francisco, California, or work in locations far closer to Northern California than to this District.[27] Yahoo!'s main product regarding image processing is Flickr.[28] In particular, the individuals in the United States with the most technical knowledge of the Yahoo! Flickr image processing product work in Yahoo!'s Northern California offices or its offices closer to Northern California than to this District.[29] Yahoo!'s Northern California offices also serve as a center for its product research and development, product sales and licensing, and corporate marketing affairs.[30] None of Yahoo!'s image processing products was developed or is managed in this District.[31] Yahoo! maintains no documents in this District and knows of no relevant witness or evidence in this District.[32]

### 5. Google

Google is headquartered in Northern California.[33] Although PDIC has not accused any specific Google product or service of infringement, the witnesses with knowledge of Google's image processing operations work at Google's Mountain View headquarters; Los Angeles,

---

[25] *Id.* ¶ 7.
[26] *See* Declaration of Michael Deerkoski in Support of Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of California ("Deerkoski Decl.," attached hereto as Exhibit 4), ¶ 3.
[27] *Id.* ¶¶ 5, 6.
[28] *Id.* ¶ 4.
[29] *Id.* ¶ 5.
[30] *Id.* ¶¶ 7, 9.
[31] *Id.* ¶¶ 8, 9.
[32] *Id.* ¶¶ 10, 11.
[33] *See* Declaration of Brian Ong in Support of Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of California ("Ong Decl.," attached hereto as Exhibit 5), ¶ 3.

California; Seattle, Washington; or in Europe.[34]  In particular, the individuals in the United States with the most technical knowledge of Google's image processing products and services work in Mountain View, Seattle, or Los Angeles, all of which are closer to Northern California than to this District.[35]  All of the likely Google witnesses outside of Northern California report to Google's headquarters in Mountain View.[36]  Google has no offices, facilities, or documents in this District.[37]  None of Google's image processing products and services was developed or is managed in this District, and no development or management personnel work in this District.[38]  All or nearly all documents and highly proprietary information and source code relating to Google's image processing products and services are stored in Google's various data centers, which are accessible and ultimately managed from Mountain View.[39]  The same is true for all or nearly all information related to Google's operations, marketing, financials, and customer service.[40]

### 6.   Corbis, Getty Images, and Photobucket

Corbis is headquartered in Seattle, Washington.[41]  Although PDIC has not accused any specific Corbis product or technology of infringement, the witnesses with the most knowledge of Corbis' image processing operations, including any encoding of images, work in Seattle.[42]  Indeed, the majority of Corbis' IT, finance, and website personnel are located in Seattle, which is much closer to Northern California than to this District.[43]  In addition, the Corbis employees with the most knowledge of Corbis' finances, sales, and marketing are based in either Seattle or New York.[44]

---

[34] *Id.* ¶ 4.
[35] *Id.*
[36] *Id.*
[37] *Id.* ¶ 5.
[38] *Id.* ¶ 6.
[39] *Id.* ¶ 7.
[40] *Id.*
[41] *See* Declaration of Mary Byrne in Support of Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of California ("Byrne Decl.," attached hereto as Exhibit 6), ¶ 3.
[42] *Id.* ¶ 4.
[43] *Id.*
[44] *Id.* ¶ 5.

None of Corbis' internal image processing technology was developed or is managed in the Texas.[45] Corbis has no office in Texas, maintains no documents in Texas, and knows of no witnesses or evidence that are potentially relevant to this case in Texas.[46]

Getty Images is headquartered in Seattle, Washington.[47]  Although PDIC has not accused any specific Getty Images product or technology of infringement, the majority of witnesses with knowledge of Getty Images' image processing operations, including any encoding of images, work in Seattle.[48]  In particular, of Getty Images' more than 1,000 employees in the United States, all of those with technical knowledge of its image processing technology work in Seattle, much closer to Northern California than to this District.[49]  In addition, individuals with knowledge of Getty Images' relevant finances, revenue, and marketing work in Seattle, or in New York.[50]  None of Getty Images' image processing technology was developed or is managed in this District.[51]  Getty Images has no office or employees in this District, maintains no documents in this District, and knows of no relevant witness or evidence in this District.[52]

Photobucket is headquartered in Denver, Colorado and has two offices in California – one in San Francisco and the other in Beverly Hills.[53]  Although PDIC has not accused any specific product or activity of Photobucket of infringing the '056 patent, all witnesses with knowledge of Photobucket's image processing operations (including Photobucket's use and/or licensing of third party software in connection with such operations) reside in Colorado and travel frequently to San

---

[45] *Id.* ¶ 6.
[46] *Id.* ¶ 7.
[47] *See* Declaration of Anne Boyden in Support of Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of California ("Boyden Decl.," attached hereto as Exhibit 7), ¶ 2.
[48] *Id.* ¶ 3.
[49] *Id.*
[50] *Id.* ¶ 5.
[51] *Id.* ¶ 6.
[52] *Id.*
[53] *See* Declaration of James Goss in Support of Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of California ("Goss Decl.," attached hereto as Exhibit 8), ¶¶ 2, 3.

Francisco in the ordinary course of their business.[54]   Similarly, all individuals with the most knowledge of Photobucket's relevant finances, sales and marketing activities are located in Colorado and travel frequently to San Francisco in the ordinary course of business.[55]  Photobucket has no employees in this District, maintains no documents in this District, and knows of no relevant witness or evidence in this District.[56]

### D.      The non-party witnesses are not located in this District

The non-party witnesses do not reside in this District.   For example, Nicola Fedele, the named inventor of the '056 patent, is identified as a resident of New Jersey.[57]  The initial assignee of the '056 patent was General Electric Company ("GE"), based in New York.[58]  In addition, the primary prosecuting attorney, William Squire, is or was a resident of New Jersey.[59]

At least as early as 2005, GE granted MPEG LA, L.L.C. ("MPEG-LA") a license to the '056 patent and other patents essential for the use of the MPEG-4 Visual Standard to allow MPEG-LA to sublicense the patents to third parties.[60]  MPEG-LA's offices are in Denver, Colorado and Chevy Chase, Maryland.  Subsequent assignments of ownership rights in the '056 patent were handled outside of this District.[61]

## III.    APPLICABLE LEGAL STANDARD

Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The goals of § 1404(a) are to prevent waste of time, energy, and money, and to

---

[54] *Id.* ¶ 4.

[55] *Id.* ¶ 5.

[56] *Id.* ¶ 6.

[57] *See* First Am. Compl., ¶ 14 and Ex. A thereto.

[58] *See id.* Ex. A.

[59]   *See* Declaration of David C. Vondle in Support of Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of California ("Vondle Decl.," attached hereto as Exhibit 9), at Exhibit A.

[60]   MPEG-LA's licensing activities will be highly relevant in this case.  For example, MPEG-LA granted a license to the '056 patent and other patents to at least Google prior to the applicable damages period in this case.  Google accordingly asserted a license defense.  *See* Dkt. No. 35, ¶ 25.

[61]   *See* Vondle Decl., Exhibit B.

protect litigants, witnesses, and the public against unnecessary inconvenience and expense.[62]  The

party seeking transfer of venue must show good cause for the transfer and that transfer is "clearly

more convenient."[63]  Ultimately, it is within a district court's discretion to transfer venue under

§ 1404(a), in light of the particular circumstances of the case.[64]

## IV.    ARGUMENT

### A.    This case could have been brought in Northern California

A threshold question in a motion to transfer under § 1404(a) is whether the suit could have

been brought in the proposed transferee district.[65]  Under 28 U.S.C. § 1391, venue is proper in any

judicial district where a defendant "resides" or where a substantial part of the events giving rise to

the claim occurred.  In addition, a corporate defendant "resides" in any judicial district in which it is

subject to personal jurisdiction at the time the action is commenced pursuant to 28 U.S.C.

§ 1391(c).  Under 28 U.S.C. § 1400(b), a patent case may be brought where the defendant has

committed alleged acts of infringement and has a regular and established place of business.

This action could have been brought in Northern California.  Facebook, ImageShack,

Shutterfly, Yahoo and Google are headquartered in Northern California and subject to personal

jurisdiction there under 28 U.S.C. § 1391(c).  Photobucket has a regular and established place of

business in Northern California under 28 U.S.C. § 1400(b).  In addition, the contacts of Corbis and

Getty Images with this District are the same or less than the contacts they have with Northern

California – they advertise and make available image processing products/services to customers in

that district.  Thus, to the extent these Defendants were subject to personal jurisdiction here, they

were also subject to personal jurisdiction in Northern California when this action was filed.

---

[62] *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).
[63] *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen*").
[64] *See, e.g., Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001).
[65] *See Voxpath RS, LLC v. LG Electronics U.S.A., Inc.*, No. 2:10-cv-160-JRG, 2012 WL 194370, at *2 (E.D. Tex. Jan 23, 2012); *Network Protection Services, LLC v. Juniper Networks, Inc.*, No. 2:10-cv-224-JRG, 2012 WL 194382, at *2-*3 (E.D. Tex. Jan. 23, 2012); *Wireless Recognition Techs. LLC v. A9.com, Inc.*, Nos. 2:10- cv-364-JRG, 2:10- cv-365-JRG; 2:10- cv-577-JRG; 2:10- cv-578-JRG, 2012 WL 506669, at *2 (E.D.Tex. Feb. 15, 2012).

Whether the transferee district had personal jurisdiction over the plaintiff at the time the suit commenced is not relevant.[66]  Accordingly, the threshold requirement is met because PDIC could have originally filed this case in Northern California.

### B.    Transfer is warranted because the witnesses and evidence are concentrated in Northern California and there are no witnesses in this District

The proposed transferee forum is "clearly more convenient" when the relevant evidence is concentrated around one district – Northern California – and there are no witnesses or evidence in the district deciding the transfer motion.[67]  This is true even if the Plaintiff's chosen venue may be more geographically "central" regarding some witnesses and evidence.  "[T]he centrality of the Court's location is irrelevant to the analysis" when there are no witnesses residing in the district.[68]

### 1.    The private interest factors favor transfer to Northern California

After determining that the case could have been brought in the transferee forum, the Court then considers the following four private interest factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive.[69]  "[T]he Fifth Circuit forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer."[70]

The private interest factors favor transfer.  Most relevant witnesses are in Northern California, or are closer to Northern California than this District, and no relevant witnesses are in this District or within the Court's absolute subpoena power.  Most relevant evidence is maintained or accessible in Northern California.  No known evidence exists in this District.[71]

---

[66] *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009)
[67] *See, e.g.*, *Nintendo*, 589 F.3d 1194, at 1198 (Fed. Cir. 2009); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009); *Genentech*, 566 F.3d at 1348; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009).
[68] *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, No. 2:08-cv-196, 2010 WL 1000790, at *7 (E.D. Tex. Mar. 12, 2010).
[69] *See TS Tech.*, 551 F.3d at 1319.
[70] *Nintendo*, 589 F.3d  at 1200.
[71] Cunanan Decl., ¶¶ 5-6; Levin Decl., ¶¶ 6-7; Leech Decl., ¶¶ 6-7; Deerkoski Decl, ¶¶ 10-11; Ong Decl, ¶¶ 5-6; Byrne Decl., ¶¶ 6-7; Boyden Decl., ¶ 6; Goss Decl., ¶ 6.

### a.  The relative ease of access to proof favors transfer

The Defendants are West Coast and Western companies.  Five defendants are headquartered in Northern California.[72]  These defendants' facilities, employees, and records are in Northern California, or in locations outside this District.[73]  The remaining three defendants are headquartered in Seattle or Denver, with facilities, employees, and records, in those locations, or in locations outside of this District.[74]  Moreover, this case will involve computer software, including, more than likely, source code.  Source code is highly proprietary information of certain Defendants and, if necessary, will likely be produced in a secure facility in Northern California (or Seattle).[75]  In short, there is no relevant evidence in this District.[76]

This District has no ease of access to the proof in this case; indeed, most of the Defendants' relevant evidence is in Northern California, Seattle, Denver, or locations closer to Northern California than this District.  Furthermore, PDIC has no relevant facilities or employees in Texas.  Even PDIC's president, Mr. Meagher, is the Managing Partner of a law firm located in New Jersey.[77]  PDIC's Texas "location" appears to be nothing more than a shell to manufacture venue in this District.  When a plaintiff's contacts with the forum are "recent and ephemeral" for the purposes of litigation, they should not be considered in a § 1404(a) analysis.[78]

"Keeping this case in the Eastern District of Texas will impose a significant and unnecessary burden on the [defendants] to transport documents that would not be incurred if the case were to proceed in [Northern California]."[79]  In patent cases, most relevant evidence will come from the

---

[72] Cunanan Decl., ¶ 2; Levin Decl., ¶ 2; Leech Decl., ¶ 2; Deerkoski Decl, ¶ 3; Ong Decl, ¶ 3.

[73] Cunanan Decl., ¶¶ 3-4; Levin Decl., ¶¶ 2-5; Leech Decl., ¶¶ 2-5; Deerkoski Decl, ¶¶ 5-7; Ong Decl, ¶¶ 3-4, 7.

[74] Byrne Decl., ¶¶ 2-5; Boyden Decl., ¶¶ 2-5; Goss Decl., ¶¶ 2-5.

[75] Cunanan Decl., ¶ 4; Deerkoski Decl, ¶ 11; Ong Decl, ¶ 7; Boyden Decl. ¶ 4.

[76] Cunanan Decl., ¶¶ 5-6; Levin Decl., ¶¶ 6-7; Leech Decl., ¶¶ 6-7; Deerkoski Decl, ¶¶ 10-11; Ong Decl, ¶¶ 5-6; Byrne Decl., ¶¶ 6-7; Boyden Decl., ¶ 6; Goss Decl., ¶¶ 6.

[77] *See* Vondle Decl., at Exhibit C.

[78] *See, e,.g., Network Protection*, 2012 WL 194382 at *4 (citations omitted).

[79] *See Genentech*, 566 F.3d at 1346.

Defendants.[80]  No known documents or other evidence relating to PDIC's claims and Defendants' defenses are in this District.  Rather, the majority of the documents are concentrated in or relatively near Northern California – over 1,800 miles away from this Court.  Thus, the burden associated with accessing and transporting documentary and other evidence is far greater if the case remains here.  No advances in the technology of data storage change this conclusion.[81]  Because the "physical accessibility to sources of proof" is a particularly important factor, even with modern advances in the electronic transportation of documents, this factor weighs in favor of transfer.[82]

### b.      The concentration of non-party witnesses and availability of compulsory process is neutral

The primary consideration for this factor is the location of non-party witnesses.  All relevant non-party witnesses in this case – including the named inventor, the original assignee, and the prosecuting attorney – are more than 100 miles from this District and reside outside the subpoena jurisdiction of this Court.  None of the apparent percipient witnesses live in Texas and therefore none would be subject to this Court's compulsory process.  Thus, this factor is neutral.

### c.      The cost of witness attendance overwhelmingly favors transfer

"The convenience of the witnesses is probably the single most important factor in transfer analysis."[83]  Because Northern California is more convenient for the majority of the known non-party and party witnesses, this important factor weighs heavily in favor of transfer.

"It goes without saying that '[a]dditional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.'"[84]  "Because it generally becomes more inconvenient and costly for witnesses

---

[80]  *See id.* at 1345.
[81]  *TS Tech*, 551 F.3d at 1321.
[82]  *See Voxpath*, 2012 WL 194370, at *5; *Network Protection*, 2012 WL 194382 at *3; *Wireless Recognition Techs.*, 2012 WL 506669, at *3-*4.
[83]  *Genentech*, 566 F.3d at 1343.
[84]  *TS Tech*, 551 F.3d at 1320 (internal citations omitted).

to attend trial the further they are away from home, the Fifth Circuit established [ ] a '100-mile' rule, which requires that when the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."[85]   The 100-mile rule applies here.

The likely party witnesses are in Northern California, or in locations other than this District.[86]   Facebook, ImageShack, Shutterfly, Yahoo and Google have key witnesses and evidence on sales, marketing, and finances in Northern California.[87]   The only known defendants' witnesses located outside of Northern California are Google's employees in Los Angeles, Seattle, and Europe, and the witnesses for the Seattle and Denver defendants.[88]   Northern California is far more convenient for these witnesses.   If the case proceeds in this District, the California witnesses will travel over 1,500 miles to attend trial, while the Denver and Seattle defendants will travel over 1,000 miles and over 2,300 miles, respectively.   Since PDIC was formed in this District for the sole purpose of asserting patents, it is unlikely that many, if any, PDIC witnesses are in this District. Accordingly, Northern California is more convenient for the party witnesses.[89]

Although there are relevant non-party witnesses outside of Northern California, none are in this District.[90]   Those witnesses cannot support keeping this case in this District on the theory that this District is more "central" than Northern California – when there are no witnesses in the district,

---

[85]   *Id.*

[86]   Cunanan Decl., ¶ 3; Levin Decl., ¶ 4; Leech Decl., ¶¶ 3-4; Deerkoski Decl, ¶ 5; Ong Decl, ¶¶ 3, 6; Byrne Decl., ¶ 4; Boyden Decl., ¶¶ 3-4; Goss Decl., ¶ 4.

[87]   Cunanan Decl., ¶ 3; Levin Decl., ¶ 5; Leech Decl., ¶ 5; Deerkoski Decl, ¶ 6; Ong Decl, ¶ 7.

[88]   Ong Decl, ¶ 4; Byrne Decl., ¶¶ 4-5; Boyden Decl., ¶¶ 3, 5; Goss Decl., ¶¶ 4- 5.

[89]   *See In re Acer*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) ("the combination of multiple parties being headquartered in or near the transferee forum and no party or witness in the plaintiff'[s] chosen forum is an important consideration").

[90]   *See Wireless Recognition Techs.*, 2012 WL 506669, at *5 (granting transfer, in part, because "the number of witnesses residing in Texas, and any relevant information which they may provide, pales in comparison to the number of party and non-party witnesses with relevant information residing in Northern California").

"the centrality of the Court's location is irrelevant to the analysis."[91]   Moreover, witnesses on the East Coast, such as the named inventor of the '056 patent, would be required to travel significant distances regardless of where this case proceeds.

**d.      No delay or prejudice is caused by transfer**

This factor applies only in "rare or special circumstances" and therefore is most often neutral.[92]  No rare or special circumstances are present.  The '056 patent expired more than 4 years ago, so there is no threat of continued infringement or request for injunctive relief.  The case is in its earliest stages, no discovery has occurred, and no risks of delay or prejudice are likely.

**2.      The balance of public interest factors favors transfer to Northern California**

In addition to the private factors, the Court also considers the following public interest factors: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or in the application of foreign law.[93]  Here, the balance of the public interest factors favor transfer.

**a.      Northern California has a greater interest in this case**

Local interests favor adjudication of this case in Northern California.  "[T]he vast majority of identified witnesses, evidence, and events leading to this case" are in or near Northern California.[94]  There is no substantial connection (if any) between this case and this District.[95]  The Eastern District of Texas thus has little interest in having the case tried locally.[96]

Conversely, Northern California's connection to this case is substantial.  The allegedly infringing activities were principally researched, designed, or developed in Northern California (or in Denver; Seattle; or outside of this District).  Northern California's interest in this case is

---

[91] *eTool*, 2010 WL 1000790, at *7.
[92] *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).
[93] *TS Tech*, 551 F.3d at 1319.
[94] *Id.* at 1321.
[95] *See Zimmer*, 609 F.3d at 1382.
[96] *TS Tech*, 551 F.3d at 1321.

14

significant because PDIC's allegations call into question the work and reputation of the engineers responsible for that work.[97]

Any argument that the citizens of this District have a "substantial interest" in having the case tried locally because allegedly infringing products or services were sold in this District has been "unequivocally rejected" by the Federal Circuit.[98]  As in *TS Tech*, the allegedly infringing products and services were sold "throughout the United States" and thus "the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue."[99] Accordingly, this factor weighs heavily in favor of transfer.

### b.    The remaining public interest factors are neutral

The remaining public interest factors are neutral.[100]  Recent Judicial Caseload statistics show that the median time to resolve a case is 8.0 months in Northern California and the median time to resolve a case in this District is 8.6 months.[101]  Northern California and this District thus resolve cases in similar amounts of time.[102]  Both courts are familiar with the substance and application of the federal patent law governing this case, and there are no conflicts of law to avoid.[103]

## V.    CONCLUSION

In view of the foregoing, Defendants respectfully request that the Court transfer this case to the United States District Court for the Northern District of California.

---

[97]  *See Hoffmann-La Roche*, 587 F.3d at 1336 (transferee forum's "local interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community"); *Voxpath*, 2012 WL 194370, at *6-*7; *Wireless Recognition Techs.*, 2012 WL 506669, at *6.

[98]  *TS Tech*, 551 F.3d at 1321.

[99]  *See id.*

[100]  This Court recently transferred *Princeton Digital Image Corp. v. Canon Inc., et al.*, to the Southern District of New York, and a motion to transfer to that district is pending in *Princeton Digital Image Corp. v. Ricoh Co., Ltd.*  Since there may be judicial economy benefits for all PDIC cases to be adjudicated in one venue, the defendants discussed with PDIC, as an alternative to this motion, a joint motion to transfer this case to the Southern District of New York. However, PDIC indicated that it could not agree to such a motion at this time.  In light of the facts set forth in this motion, Northern California is clearly the more convenient forum and a transfer to that district is warranted.

[101]  *See* Vondle Decl., at Exhibit D.

[102]  *See Vasudevan Software , Inc. v. IBM Corp.*, No. 2:09-cv-105-TJW, 2009 WL 3784371, at *3 (E.D. Tex. Nov. 10, 2009); *Network Protection Services*, No. 2:10-cv-224-JRG, 2012 WL 194382, at *6; *Wireless Recognition Techs.*, 2012 WL 506669, at *6.

[103]  *See TS Tech*, 551 F.3d at 1320.

DATED:  March 12, 2012                    Respectfully Submitted,

                                          */s/ Cono A. Carrano*
                                          Cono A. Carrano
                                          Lead Attorney
                                          D.C. Bar No. 445995
                                          Akin Gump Strauss Hauer & Feld, LLP
                                          1333 New Hampshire Avenue, N.W.
                                          Washington, D.C. 20036
                                          Telephone:  202.887.4136
                                          Facsimile:  202.887.4288
                                          Email:  ccarrano@akingump.com

                                          Dianne B. Elderkin
                                          Akin Gump Strauss Hauer & Feld, LLP
                                          Two Commerce Square, Suite 4100
                                          2001 Market Street
                                          Philadelphia, PA 19103
                                          Telephone:  215.965.1340
                                          Facsimile:  215.965.1210
                                          Email: delderkin@akingump.com

                                          David C. Vondle
                                          Akin Gump Strauss Hauer & Feld, LLP
                                          1333 New Hampshire Avenue, N.W.
                                          Washington, D.C. 20036
                                          Telephone:  202.887.4184
                                          Facsimile:  202.887.4288
                                          Email:  dvondle@akingump.com

                                          John Wittenzellner
                                          Akin Gump Strauss Hauer & Feld, LLP
                                          Two Commerce Square, Suite 4100
                                          2001 Market Street
                                          Philadelphia, PA 19103
                                          Telephone:  215.965.1241
                                          Facsimile:  215.965.1210
                                          Email: jwittenzellner@akingump.com

Jennifer Parker Ainsworth
Wilson Robertson & Cornelius PC
909 ESE Loop 323, Suite 400
P.O. Box 7339
Tyler, TX  75711
Telephone:  903.509.5000
Facsimile:  903.509.5092
Email:  jainsworth@wilsonlawfirm.com

*Counsel for Defendant Google Inc.*

/s/*Christopher Schenck*
Christopher Schenck
WA Bar No. 37997
Bracewell & Giuliani LLP
701 Fifth Avenue, Suite 6200
Seattle, Washington 98104
Telephone:  206.204.6200
Facsimile:  800.404.3970
Email:  chris.schenck@bgllp.com

Alan D. Albright
TX Bar No. 00973650
Bracewell & Giuliani LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Telephone:  512.472.7800
Facsimile:  800.404.3970
Email:  alan.albright@bgllp.com

*Counsel for Defendant Corbis Corporation*

/s/ *Heidi L. Keefe*
Heidi L. Keefe
CA Bar 178960
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  650.843.5000
Facsimile:  650.857.0663
Email:  hkeefe@cooley.com

17

Deron R Dacus
The Dacus Firm, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone:  903.705.1117
Facsimile:  903.705.1117
Email:  ddacus@dacusfirm.com

*Counsel for Defendant Facebook, Inc.*


*/s/ Ramsey M. Al-Salam*
Ramsey M. Al-Salam
WA Bar No. 18822
Sher S. Kung
WA Bar No. 42077
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  ralsalam@perkinscoie.com
Email:  skung@perkinscoie.com

*Counsel for Defendant Getty Images*


*/s/ Michael J. Sacksteder*
Michael J. Sacksteder
CA Bar No. 191605
555 California Street, 12th Floor
San Francisco, California 94104
Telephone:  415.875.2300
Facsimile:  415.281.1350
Email:  msacksteder@fenwick.com

*Counsel for Defendant ImageShack Corporation.*

*/s/Jane Michaels*
Jane Michaels
Michael Henson
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
Telephone:  303.295.8000
Facsimile:  303.295.8261
Email:  jmichaels@hollandhart.com
Email:  mrhenson@hollandhart.com

Damon Young
Young Picket
4122 Texas Boulevard
P.O. Box 1897
Texarkana, TX 75503
Telephone:  903.794.1303
Facsimile:  903.792.5098
Email:  dyoung@youngpickettlaw.com

*Counsel for Defendant Photobucket.com, Inc.*

*/s/ Michael E. Jones*
Michael E. Jones
TX Bar No. 10929400
Allen F. Gardner
TX Bar No. 24043679
Potter Minton, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
Email:  mikejones@potterminton.com
Email:  allengardner@potterminton.com

Josh Lerner
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  415.362.6666
Facsimile:  415/236-6300
Email:  jlerner@durietangri.com

*Counsel for Defendant Shutterfly, Inc.*

19

/s/ *Jennifer H. Doan*
Jennifer H. Doan
TX Bar No. 08809050
Stephen W. Creekmore, IV
AR Bar No. 2011156
Haltom & Doan
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: 903.255.1000
Facsimile: 903.255.0800
Email: jdoan@haltomdoan.com
Email: screekmore@haltomdoan.com

*Counsel for Defendant Yahoo! Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on March 12, 2012.  Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Cono A. Carrano*
Cono A. Carrano

**CERTIFICATE OF CONFERENCE**

I am counsel for Defendant Google Inc.  On behalf of all of the Defendants and pursuant to Local Rule CV-7(h), I emailed counsel for Plaintiff, Timothy Trop, on March 7, 2012, regarding the instant motion.  I met and conferred telephonically with Mr. Trop, at 3:00 pm CST on March 8, 2012.  During that call, we discussed the grounds for and merits of this motion, and in the alternative, a joint motion to transfer to the United States District Court for the Southern District of New York, but were unable to reach an agreement.  The parties have reached an impasse on this issue and motion practice is necessary to resolve this dispute.

*/s/ Cono A. Carrano*
Cono A. Carrano