IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PRINCETON DIGITAL IMAGE
CORPORATION,
          Plaintiff.          §
                                  §
v.                               §        Civil Action No. 2:11cv400
                                  §
FACEBOOK, INC.,              §
IMAGESHACK CORPORATION,   §
PHOTOBUCKET.COM, INC.,      §
SHUTTERFLY, INC.,           §
YAHOO! INC.,                §
CORBIS CORPORATION,       §
GETTY IMAGES, INC., and      §        JURY TRIAL DEMANDED
GOOGLE, INC.              §
          Defendants.

## PLAINTIFF PRINCETON DIGITAL IMAGE CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER

**TABLE OF CONTENTS**

**Contents**

I.   BACKGROUND FACTS ...........................................................................................2

II.   ARGUMENT ......................................................................................................3

 A. Legal Standard ......................................................................................................3

   1.  This Court Has the Discretion to Find that Interests of
      Judicial Economy and Prevention of Conflicts are Paramount. ...........................3

   2.  Burden of Proof Under 28 U.S.C. § 1404(a) ......................................................4

 B. Defendants Failed to Meet Their Burden of Proof Under 28 U.S.C. §1404(a) .............6

   1.  Defendants Failed to Show Jurisdiction
      Lies in the Northern District of California ...............................................................6

   2.  Princeton Has No Contacts With the N.D. Cal. and,
      Therefore, Plaintiff's Choice Of Forum Should Be Upheld....................................7

   3.  The Private Interest Factors Do Not Establish That The  N.D.Cal. Is "Clearly More
      Convenient" Than The Eastern  District of Texas. ..................................................7

     a.  The Defendants' Have Failed to Provide Evidence
        that the Private Factors Favor Transfer...........................................................8

     b.     Compulsory Service of Process Does Not Favor
           Transfer.....................................................................................................12

     c.     The Cost of Attendance for Willing Witnesses
           Does Not Favor Transfer............................................................................13

     d.     Other Practical Problems That Make Trial
           Easy, Expeditious, and Inexpensive...........................................................14

 III.  CONCLUSION..................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Alfred Holmes v. Energy Catering Services, LLC.,* 270 F.Supp.2d 882, 887
(S.D. Tex. 2003)...................................................................................................... 5

*Aloft Media, LLC* v. *Adobe Sys., 2008* U.S. Dist. LEXIS 23601, *10
(E.D. Tex. Mar. 25, 2008)...................................................................................... 7

*Bolt v. Toyota Motor Corp.,* 351 F. Supp. 2d 597, 599 (E.D. Tex. 2004) ..................... 5

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ...................................................... 7

*Hanby* v. *Shell Oil Co.,* 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001) ............................ 5

*In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009)............................... 4, 5, 12

*In re TS Tech US Corp.,* 551 F.3d 1315, 1320 (Fed. Cir. 2008)..................................... 5

*In re Triton Ltd. Sec. Litig.*, 70 F.Supp.2d 678, 688 (E.D. Tex. 1999)...................... 4, 6

*In re Vistaprint Ltd.,* 628 F.3d 1342, 1345 (Fed. Cir. 2010)....................................... 1, 3

*In re Volkswagen of America Inc.,* 545 F.3d 304 (5th Cir. 2008)...................... 1, 4, 5, 12

*In re Wyeth,* 2010 U.S. App. LEXIS 25839 ** 5 (Fed. Cir. 2010)................................. 3

*Konami Digital Entertainment Co., Ltd. v. Harmonix Music Systems, Inc.* 6:08cv286
(Docket No. 72) #739, (E.D. Tex. March 23, 2009)............................................. 12

*Lake Cherokee Hard Drive Technologies, LLC. v. Bass Computers, Inc.,* 2012
U.S. Dist. LEXIS 17749 at *10 (E.D. Tex. Feb. 12,
2012)........................................................................................................................7

*Laumann Mfg. Corp. v. Casting USA, Inc.* 913 F.Supp. 712 (E.D.N.Y. 1996)..............6

*Mohamed* v. *Mazda Motor Corp.,* 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000).............. 5

*Novelpoint Learning LLC v. Leapfrog Enterprises, Inc.,* 210 U.S. Dist. LEXIS
128906 (E.D. Tex. Dec. 6, 2010........................................................................7

*Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) .............................6

*Stewart Org., Inc.* v. *Ricoh Corp.,* 487 U.S. 22, 29 108 S.Ct. 2239 (1988) ................... 5

*Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966) ......................................... 6

*Triton Tech of Texas, LLC. v. Nintendo of America Inc.,* 2012 U.S. Dist.
LEXIS 7574 at *7 (E.D. Tex. Jan. 23, 2012)...........................................................................1, 7

*U.S. v. Binder,* 794 F.2d 1195 (7th Cir. 1986)...........................................................................4, 12

*Van Dusen v. Barrack,* 376 US. 612, 622 (1964)..........................................................................5

*William B. Scheidt v. William Randolph Klein,* 956, F.2d 963, 966 (10th Cir. 1992)................1, 6

**Statutes**

28 U.S.C. § 1404(a) ...............................................................................................................4, 5, 6

Plaintiff Princeton Digital Image Corporation (Princeton) opposes the motion to transfer filed by the defendants Facebook, Inc., Imageshack Corporation, Photobucket.com, Inc., Shutterfly, Inc., Yahoo! Inc., Corbis Corporation, Getty Images, Inc. and Google, Inc. (hereinafter defendants).  A proposed order is attached.

The motion to transfer should be denied because the defendants have failed to meet their burden of proof of clearly demonstrating that transfer is warranted.  See *In re Volkswagen of America Inc.,* 545 F.3d 304, 315 (5th Cir. 2008).  Initially, the defendants have failed to show that jurisdiction would lie in the transferee district.  See *Triton Tech of Texas, LLC. v. Nintendo of America, Inc.*, 2012 U.S. Dist. LEXIS 7574 (E.D. Tex. Jan. 23, 2012).  The sole basis for asserting jurisdiction in the Northern District of California is that the same basis exists for jurisdiction in California and Texas.  Moreover, considerations of judicial economy and avoidance of conflicts are a paramount consideration, that favors maintaining both this case and the *Ricoh* case in the same court.  *In re Vistaprint Ltd.,* 628 F.3d 1342, 1345 (Fed. Cir. 2010). The convenience of witnesses favors maintaining the suit in Texas which is a centralized venue especially for third party witnesses whose interests should be weighed more heavily, but also for all the witnesses involved in the case.  This is especially so because of the defendants' very vague and non-specific declarations as to witnesses and their knowledge.  See *William B. Scheidt v. William Randolph Klein,* 956, F.2d 963, 966 (10th Cir. 1992).  Therefore because the defendants have failed to meet their burden of clearly establishing that the Northern District of California is a more favored venue, the motion should be denied.

## I.   <u>BACKGROUND FACTS</u>

Princeton has filed three cases in this district that involve the Fedele '056 patent-in-suit. The first filed suit, *Princeton Digital Image Corporation v. Canon Inc., et al.*, (2:10cv29) was recently transferred to the Southern District of New York.  The second filed suit is *Princeton Digital Image Corporation v. Ricoh Company Ltd.* (2:11-CV-00039 (JRG) which is pending in this district.  This case is the third filed suit.

Princeton is a Texas corporation having two offices and one employee in the Eastern District of Texas.  (Meagher Decl. ¶¶ 3-7).  Those activities have been ongoing since at least as early as 2010.  (Meagher Decl. ¶¶ 3-7).

There are 10 third party witnesses within the State of Texas, subject to this Court's absolute subpoena power.  See Emanuel Decl.  ¶¶ 2-7.

There are third party witnesses in New York, New Jersey and Pennsylvania with relevant and material information.  See Meagher Decl. ¶¶8-9.  These witnesses have agreed to testify at trial in Texas.  *Id.*

The time to trial in the Eastern District is 30% faster than the Northern District of California.

The defendants' description of the pending re-examination is outdated.  Recently the Patent Office has confirmed the patentability of all claims, but one, asserted in this case. Reconsideration as to the one claim is being requested.

## II.   ARGUMENT

**A.**   **Legal Standard**

**1.**   **This Court Has the Discretion to Find that Interests of Judicial Economy and Prevention of Conflicts are Paramount.**

Considerations of judicial economy are paramount.  The Federal Circuit has denied a writ of mandamus in a case from the Eastern District of Texas, noting that, even where all the convenience factors clearly favor transfer, issues of judicial economy may be sufficient to justify the denial of a motion to transfer.  *In re Vistaprint Ltd.*, 628 F.3d 1342, 1345 (Fed. Cir. 2010). As the Federal Circuit pointed out later, "we rejected the argument that it is always improper for a district court to deny transfer based on judicial economy when all the convenience factors favor transfer." *In re Wyeth,* 2010 U.S. App. LEXIS 25839 at * 5 (Fed. Cir. 2010).

The Court found that even if the cases did not involve the same defendants and accused products "it does not appear on its face erroneous to conclude that maintaining these two cases before the same Court will be beneficial from the standpoint of judicial resources." *Id.*  The Court, citing *Continental Grain,* also stated that "courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *Vistaprint,* 628 F.3d at 1346.  Particularly the Court found that "although some potential witnesses and sources of proof located in the transferee venue warrant weighing convenience factors in favor of transfer, no defendant party is actually located in the transferee venue and the presence of witnesses in that location is not overwhelming." *Vistaprint*, 628 F.3d at 1346-7.

The Court has the power to find that principles of judicial economy should be given paramount consideration.  It should do so here when Texas is central with respect to many of the witnesses in this case and the *Ricoh* case.  Texas is central between the defendants in this case,

3

the Japanese defendant in the *Ricoh* case, the 10 third party witnesses in Texas and the third

party defendants' employee witnesses in Colorado, New York, Europe, New Jersey, Washington

and California. See *U.S. v. Binder,* 794 F.2d 1195 (7th Cir. 1986) (where the state of Illinois was

a more convenient forum when 43 witnesses resided in California and nearby states, 17 resided

in Illinois and 19 resided in New York, New Jersey, Florida, or England); see also *In re*

*Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009). Thus the most practical solution to the

inconsistent pending transfer motions is to keep both cases here.

  Here the Court should find interests of judicial economy paramount because by denying

the motions both cases can be kept here which would certainly reduce judicial conflicts and be

fully in the interest of judicial economy. Moreover, it avoids the situation where litigation

involving the same patent is spread from coast to coast.

  **2.**   **Burden of Proof Under 28 U.S.C. § 1404(a)**

  This Court generally recognizes a plaintiff's right to choose a venue and will not disturb

that choice absent a showing that convenience and fairness necessitate transfer under the facts of

that particular case. *See In re Triton Ltd. Sec. Litig.*, 70 F.Supp.2d 678, 688 (E.D. Tex. 1999).

Accordingly, the defendants have the burden to show "good cause" that transfer is appropriate.

*See In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("[I]n order to support

its claim for a transfer, [defendant] must satisfy the statutory requirement and *clearly*

*demonstrate* that a transfer is for the convenience of parties and witnesses, in the interest of

justice." (emphasis added)). Thus, unless defendants establish that transfer is *clearly more*

*convenient*, plaintiff's choice of venue must be respected. *Id.*

  Defendants' motion to transfer is made under 28 U.S.C. § 1404(a), which provides as

follows: "For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought."

4

28 U.S.C. § 1404(a). Ultimately, it is within a district court's sound discretion to transfer venue

pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the

particular circumstances of the case. *See Hanby* v. *Shell Oil Co.,* 144 F. Supp.2d 673, 676 (E.D.

Tex. 2001); *Mohamed* v. *Mazda Motor Corp.,* 90 F. Supp.2d 757, 768 (E.D. Tex. 2000).  The

Supreme Court has noted that § 1404(a) is intended to place discretion in the district court to

adjudicate motions to transfer according to an "individualized, case-by-case consideration of

convenience and fairness."  *See Stewart Org., Inc.* v. *Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct.

2239 (1988); *Van Dusen v. Barrack,* 376 US. 612, 622 (1964).

The Fifth Circuit has made clear that the first determination a district court must make is

whether the claims might have been brought in the suggested transferee district. *See In re*

*Volkswagen,* 545 F.3d at 312-13. The court must then consider and balance the convenience of

the parties in both venues. *See id.* at 314-16; *In re TS Tech US Corp.,* 551 F.3d 1315, 1320 (Fed.

Cir. 2008); *see also Bolt v. Toyota Motor Corp.,* 351 F. Supp. 2d 597, 599 (E.D. Tex. 2004). This

balancing of conveniences involves examination of several private and public interest factors,

none of which has dispositive weight. *See In re Volkswagen,* 545 F.3d at 315.

Since the burden is on the defendants to show that convenience and other factors clearly

favor transfer, it is incumbent upon the defendants to make reasonably particularized showings

of proof.  "A district court should assess the relevance and materiality of the information a

witness may provide."  *In re Genentech, Inc.* 566 F.3d 1338, 1343 (Fed. Cir. 2009).  The

defendants should provide a list of those witnesses who are material and relevant, their

addresses, or the substance of the testimony.  *Alfred Holmes v. Energy Catering Services, LLC.,*

270 F.Supp.2d 882, 887 (S.D. Tex. 2003).  The defendants must submit something to indicate the

quality or the materiality of the testimony of identified witnesses and further to indicate that

those witnesses are unwilling to come to trial at the present forum or that deposition testimony

5

would be unsatisfactory or that the use of compulsory process would be necessary.  See *William B. Scheidt v. William Randolph Klein*, 956 F.2d 963, 966 (10th Cir. 1992).  This is because it is necessary that some factual information relative to the materiality of the witness' testimony and the considerations of convenience be supplied to the trial court.  *Id.*  The moving party must support the motion with an affidavit containing detailed factual statements explaining why the transferee forum is more convenient including the potential principle witnesses expected to be called and a general statement of the substance of their testimony.  *Laumann Mfg. Corp. v. Casting USA, Inc.* 913 F.Supp. 712 (E.D.N.Y. 1996).

Moreover, considerations relative to non-party witnesses are always more substantial than those of parties.  *In re Triton Ltd. Securities Litig.,* 70 F.Supp.2d 678, 689-90 (E.D. Tex. 1999).  Certainly it is hard to believe that "the Defendants will have a difficult or burdensome time in producing its own employees for testimony in the Eastern District*." Id.*

**B.**     **Defendants Failed to Meet Their Burden of Proof Under 28 U.S.C. §1404(a)**

In a motion under 28 U.S.C. §1404(a), the movant bears the burden of demonstrating why the case clearly should be transferred.  *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966).  Defendants have failed to meet this substantial burden.

**1.     Defendants Failed to Show Jurisdiction
Lies in the Northern District of California**

The defendants contend that jurisdiction is proper in the Northern District of California for the same reason they assume jurisdiction to have been proper in this Court.  But that logic does not fly.  Merely because the plaintiff has alleged jurisdiction in the Eastern District of Texas does not establish jurisdiction in the Northern District of California.  The defendants' motion is devoid of any evidentiary support on this issue.

6

That even one defendant has not been shown to be subject to personal jurisdiction in the Northern District of California is sufficient to deny the motion. *Triton Tech of Texas, LLC. v. Nintendo of America Inc.,* 2012 U.S. Dist. LEXIS 7574 at *7 (E.D. Tex. Jan. 23, 2012). It was the defendants' burden to establish this point and they have utterly failed to do so. *Id.* at *5.

## 2. Princeton Has No Contacts With the N.D. Cal. and, Therefore, Plaintiff's Choice Of Forum Should Be Upheld.

Defendants cannot establish that the private and public factors demonstrate that the N.D. Cal. is clearly more convenient to all parties and witnesses than this forum. Thus, separate and apart from the public and private factors, Princeton's choice, as the plaintiff, of venue is entitled to deference and should be upheld. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Aloft Media, LLC* v. *Adobe Sys., 2008* U.S. Dist. LEXIS 23601, *10 (E.D. Tex. Mar. 25, 2008).

The plaintiff has two offices and one employee in this district. It has been incorporated in Texas for more than two years. Thus, its connection to the district cannot reasonably be described as either recent or ephemeral. See *Lake Cherokee Hard Drive Technologies, LLC. v. Bass Computers, Inc.,* 2012 U.S. Dist. LEXIS 17749 at *10 (E.D. Tex. Feb. 12, 2012); *Novelpoint Learning LLC v. Leapfrog Enterprises, Inc.,* 210 U.S. Dist. LEXIS 128906 (E.D. Tex. Dec. 6, 2010).

## 3. The Private Interest Factors Do Not Establish That the N.D.Cal. Is "Clearly More Convenient" Than the Eastern District of Texas.

The private interest factors to be weighed by the Court for analysis of defendants' motion to transfer include the following: "(a) the relative ease of access to sources of proof; (b) the availability of compulsory process to secure the attendance of witnesses; (c) the cost of attendance for willing witnesses; and (d) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen,* 545 F.3d at 315. As analyzed below,

these factors do not show that the N.D. Cal. would be a "clearly more convenient" forum than
the E.D. Tex., such that the private interest factors cumulatively weigh against transfer.

a.     **The Defendants' Have Failed to Provide
Evidence that the Private Factors Favor
Transfer**

The defendants ask this Court to speculate about what information potential witnesses
may know, where the employees are that have that information, who they are, and whether or not
that information is in fact material and relevant.  They do this by providing declarations which
are consistently vague about these issues.  The declarations do not identify a single witness by
name.  They do not show that any witness actually has information which is material and
relevant here.  They do not identify any specific information that any of these witnesses have.

They ask the Court to assume that defendants actually know how their infringing
technology works.  But there is certainly reason to doubt this.  For example, one of the
declarations points out that the pertinent software was licensed from a third party.  See Boyden
Decl. at ¶ 4.  The other declarations are wholly silent as to whether in fact these are employees
that actually know how the pertinent technology, covered by the patent-in-suit, works.

Considering each of the defendants' declarations individually leads to the conclusion that
there is no useful support for the arguments made by their counsel.  Facebook's declaration does
not identify any witnesses or any testimony that is material and relevant.  See Cunanan Decl.
The declaration is deliberately vague, using words like, "To the extent that any financial
marketing and advertising-related witness, documents and information may become relevant to
this lawsuit, they are likely to be located in Facebook's Menlo Park Headquarters." [Emphasis
Added].  Cunanan Decl. ¶ 4.  "Nearly all of the proprietary information relating to Facebook's
services and facilities are stored in Facebook's various data center [not identified] [Emphasis
Added]."  Cunanan Decl. ¶ 4.  This is an insufficient basis for the Court to premise a decision to

8

thwart the plaintiff's selected forum.  The case law is clear that specific witnesses and specific testimony that is material and relevant must be identified.  The *Facebook* declaration fails to meet this standard and therefore fails to support the motion.

*Imageshack's* declaration simply says that "any ImageShack employees with knowledge about ImageShack's image processing operations" work in Los Gatos, California.  See Levin Decl. ¶ 4.   But it does not indicate what specific employees these are, it does not specify information that any particular witness has and does not affirmatively say any particular witness has material knowledge or will be called as a witness at trial.  It asks the Court to assume that *Imageshack* actually knows how its technology works and that unspecified witnesses have relevant information.  Thus the *Imageshack* declaration also fails to support the motion.

The declaration of *Shutterfly* again identifies no witnesses, no witness locations and no specific testimony.  See Leech Decl.  It vaguely indicates that the "majority" of knowledgeable witnesses are in the district but indicates there is one exception and fails to disclose the location of that exception.  See Leech Decl. ¶¶ 3-4.  Thus we are left with little or no information about who the specific witnesses are, exactly where they are and if any of those witnesses actually have material and relevant information.  Shutterfly has offices in Charlotte, NC and Tempe and Phoenix, AZ.  Meagher Decl. ¶ 11.  We do not know whether witnesses with material information are located there.  Again, the *Shutterfly* declaration fails to substantiate the motion and meet the standard of showing a clear basis for transfer.

Similarly the *Yahoo!* declaration provides no names or specific information that can be identified as relevant and material.  See Deerkoski Decl.  The Yahoo! declaration only refers to its Flickr product and is silent as to witnesses related to its search engine that was also charged with infringement.  See Meagher Decl. ¶ 12.  Yahoo! has operations in 14 states, including two in the State of Texas.  Meagher Decl. ¶ 13.  We do not know the witnesses who have material

9

information on the search engine are not located in Texas.  Again, the declaration fails to adequately support the motion.

The *Google* declaration fails to support the motion for all the reasons already described, namely no specific identification of witnesses or testimony and no way to determine whether witnesses have material and relevant information.  See Ong Decl.  Moreover, it points out that witnesses may in fact exist outside the transferee district, including witnesses in Los Angeles, Seattle and Europe.  See Ong Decl. ¶ 4.  Google has operations in 18 states including in Dallas and Austin.  Meagher Decl. ¶ 14.  We do not know whether the witnesses with material information are located there - - within the Court's subpoena power.  Thus, the Court cannot speculate that the witnesses that have the information that is both relevant and material are present anywhere close to the Northern District of California.  If anything, the vagueness of the *Google* declaration suggests transfer is unwarranted.

The remaining defendants, Corbis, Getty, and Photobucket, are not located in the Northern District of California.  Thus their declarations could not possibly support the motion.  But like the other declarations, they are vague and non-specific.  Moreover, without identifying what specific knowledge witnesses have, the *Corbis* declaration indicates that witnesses may be present in New York.  See Byrne Decl. ¶ 5.  Similarly, the *Getty* declaration indicates witnesses may be present in New York.  See Boyden Decl. ¶ 15.  Thus it is impossible for the Court to determine where convenience would lie, as to these parties, because it could well lie, for the New York witnesses, in Texas rather than the Northern District of California.

Moreover, the *Getty* declaration points out and substantiates the possibility that the entities may in fact not even know how their own technology works, pointing out that their technology was licensed from an unnamed and unidentified third party.  See Boyden Decl. ¶ 4.  Certainly it was within defendants' power to identify these third parties and to tell the Court what

10

information the party has, and where the third party is located.  The careful refusal to provide

such plainly necessary information fails to substantiate the motion.

Even if the Court were inclined to give these declarations some consideration, given their

lack of specificity and the fact that the burden of proof is on defendants, they should be

construed adversely to defendants.  In such case only one party, ImageShack, has all its

employees in the Northern District of California.  *Facebook* has data centers in unspecified

locations.  *Shutterfly* has witnesses in undisclosed locations.  *Yahoo!* says "almost all" its

employees are in the district but asks the Court to presume the witnesses outside the district are

not the ones with material, relevant information.  See Deerkoski Decl. ¶ 10.  *Google* has

witnesses in Seattle and Europe.  *Corbis* has witnesses in New York and Seattle.  *Getty* has

witnesses in Seattle.  *Photobucket's* witnesses are in Denver.  In short, viewed critically, it is

impossible to conclude from these declarations without speculation that convenience, for even

defendants, lies in the Northern District.  In fact, for seven out of eight defendants, it is entirely

possible that the convenience lies outside the Northern District of California.

In contrast, the plaintiff is incorporated in Texas, has two offices in the district and has an

employee there.  See Meagher Decl. ¶¶ 2-7.  The plaintiff has identified ten third party witnesses

with material and relevant information in Texas, within the absolute subpoena power of the

Court.  See Emanuel Decl. ¶¶ 2-7.  Further the plaintiff has identified witnesses in New York,

New Jersey, and Pennsylvania which have material and relevant, specifically identified

information.  See Meagher Decl. ¶¶ 8-9.  In contrast to the proof offered by the defendants, the

plaintiff has provided clear proof that convenience lies in the Eastern District of Texas.

In sum, there are third party witnesses, including the inventor and two witnesses who live

on the East coast, 10 third party witnesses who live in Texas and vaguely identified employee

witnesses of defendants alleged to be closer to California but also include defense employee

11

witnesses in Europe, New York and various Western states.  Clearly the Eastern District is a centralized location that would be more convenient especially for the third party witnesses whose interests should be weighed more heavily.

However, citing a decision of Judge Ward, defendants argue that the Eastern District's centralized location is given no weight when no witnesses reside within the district.  See Motion to Transfer p. 14, fn. 14.  However, Judge Ward relied on the Federal Circuit's *Genentech* decision which in fact said the centralized location of the Eastern District should be ignored when no witnesses resided in the district <u>or in Texas</u>.  *In re Genentech,* 566 F.3d 1338, 1344 (Fed. Cir. 2009).[1]  Clearly the issue is whether witnesses are subject to the Court's subpoena power, not whether they are within the district.  So most certainly Texas' centralized location should be considered important in determining where convenience lies.

The only specific documents the defendants identify are software.  The location of electronic information however, has no weight in analyzing convenience.  *Konami Digital Entertainment Co., Ltd. v. Harmonix Music Systems, Inc.* 6:08cv286 (Docket No. 72) #739, (E.D. Tex. March 23, 2009).

> ### b.      Compulsory Service of Process Does Not Favor Transfer.

This factor relates to the Court's ability to compel non-party witnesses to attend trial.  A court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects non-party witnesses who work or reside within the State of Texas.  *See In re Volkswagen,* 545 F.3d at 316.  There are many such non-party witnesses in this case who are residents of the State of Texas.  Such non-party witnesses include 10 identified licensing negotiators who have been involved in

---

[1] The *Genentech* decision cites *U.S. v. Binder,* 794 F.2d 1195 (7th Cir. 1986) where the state of Illinois was found to be a centralized, more convenient forum for witnesses in California, 17 witnesses from Illinois and 19 witnesses in 10 different states including New York, New Jersey, Florida and England.  The judicial district of the witnesses' residences was unknown to the Court.

negotiations regarding the patent-in-suit for both RIM and Nokia in Dallas and witnesses having infringing sales.  (See the attached declaration of Peter Emanuel, "Emanuel Decl." ¶¶ 2-7).  The fact that there are witnesses within and adjacent to the E.D. Tex subject to the compulsory process of this Court weighs in favor of transfer.

The inventor and the third party GE witnesses in New York, Pennsylvania, or New Jersey are all agreeable to voluntarily appear at trial in Texas.  (Meagher Decl. at ¶¶ 10, 11).

**c.      The Cost of Attendance for Willing Witnesses Does Not Favor Transfer.**

Defendants identify no personnel in N.D.Cal. or anywhere throughout the United States as having relevant knowledge.  Defendants do not assert that any identified witnesses will testify at trial and, further, due to the early stage of discovery, it is unknown which of Defendant's employees plaintiff will choose to depose.

The real inquiry is whether third party witnesses would be inconvenienced by the cost of attending trial.  First, the plaintiff has already identified potential third party witnesses, such as negotiators at Nokia and RIM, and personnel from defendants' product dealers and retailers, within and adjacent to the District — for those witnesses trial in Marshall would be much more convenient and less costly than trial in Manhattan.  (See Emanuel Decl. at ¶¶ 2-7).  Second, the inventor who lives in New Jersey has stated his willingness to travel to the District, should his attendance at trial be required.  (Meagher Decl. at ¶ 11).  Third, potential third party witnesses such as applicable General Electric personnel in New York have also stated their willingness to travel to the District. (Meagher Decl. at ¶ 10).

As such, this factor weighs against transfer or, in any case, does not dictate that the Northern District of California is "clearly more convenient" as required under the law.

13

**d.     Other Practical Problems That Make Trial
Easy, Expeditious, and Inexpensive.**

The time to trial in the Eastern District of Texas (23.7 months) is 30% faster than the time

to trial in California (34.3 months), using the defendants' own data.  See Vondle Decl. Exhibit D.

The time to resolve cases, relied on by defendants, does not necessarily have anything to do with

how fast the district handles its caseload.  Considering the at least six month delay inherent in

transferring a case, the time to trial in the Eastern District should be about 1-1/2 years quicker.

### III.     CONCLUSION

Since the defendants have failed to establish the balance of convenience factors,

including issues of judicial economy and avoidance of conflicts, lies in the Northern District of

California, the motion should be denied.


Date:  March 30, 2012                                    Respectfully Submitted,

                                                        By:     /s/ Timothy N. Trop_____
                                                                Timothy N. Trop
                                                                Texas Bar No. 20236600
                                                                1616 South Voss Road, Suite 750
                                                                Houston, Texas  77057-2631
                                                                (713) 468.8880
                                                                (713) 468.8883 (fax)
                                                                Email:  trop@tphm.com


                                                        ATTORNEY FOR PLAINTIFF,
                                                        PRINCETON DIGITAL IMAGE
                                                        CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, all its attachments were filed electronically on March 30, 2012 in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel of record who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).


/s/ Timothy N. Trop
TIMOTHY N. TROP