UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, § § | |
| *Plaintiff,* § § | |
| § | CAUSE NO. 2:11-CV-400-JRG |
| V. § § | |
| FACEBOOK, INC., et al., § | |
| *Defendant.* § | |

## MEMORANDUM OPINION & ORDER

**I.     INTRODUCTION**

Pending before the Court is Defendants' Facebook, Inc. ("Facebook"), ImageShack Corporation ("Imageshack"), Corbis Corporation ("Corbis"), Getty Images, Inc. ("Getty Images") and Photobucket.com, Inc.'s ("Photobucket") (collectively, "Defendants") Motion to Transfer Venue. (Dkt. No. 62.) Defendants contend that the Northern District of California ("NDCA") is a more convenient forum than the Eastern District of Texas ("EDTX") and they seek a transfer to NDCA pursuant to 28 U.S.C. § 1404(a). *Id.* Also before the Court is Getty Image's Motion to Dismiss for lack of personal jurisdiction. (Dkt. No. 118.) Getty Images contends that it is a holding company that has never done business or been licensed to do business in Texas, and that it was wrongly named in the Complaint because Plaintiff Princeton Digital Image Corporation ("Princeton Digital") confused it with its operating subsidiary, Getty Images (US), Inc. ("Getty Images US"). *Id.*

After carefully considering the parties written submissions, and the oral arguments of counsel with regard to the Motion to Transfer Venue, the Court **GRANTS** the Motion to Dismiss and **GRANTS-AS-MODIFIED** the Motion to Transfer Venue and **ORDERS** this case to be

transferred to the United States District Court for the Southern District of New York ("SDNY"). A careful consideration of the "private" and "public" convenience factors demonstrates that SDNY is "clearly more convenient" than either EDTX or NDCA. *See In re Nintendo Co.*, 589 F.3d 1194, 1197-98 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F. 3d 1388, 1342 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2011, Princeton Digital filed this lawsuit against several Defendants alleging infringement of U.S. Patent No. 4,813,056 ("the '056 patent"). The '056 patent discloses a compression/decompression system and an encoding algorithm for use with digital video over a transmission channel. Princeton Digital alleges that the Defendants infringe the patent by "encoding in a manner that infringed claims of the '056 patent." Plaintiff Princeton Digital is a Texas corporation having two offices and one employee in the Eastern District of Texas. (Dkt. No. 63.) Each of the Defendants remaining in this suit has national operations, but a primary place of business in either California or Washington. (Dkt. No. 62.)

Significantly, Princeton Digital also filed two other cases in this District alleging infringement of the same '056 patent. *See Princeton Digital Image Corp. v. Canon Inc., et al.,* Case No. 2:10-cv-29 (E.D. Tex. 2010) (currently Case No. 1:12-cv-779-RJS (S.D.N.Y.)) and *Princeton Digital Image Corp. v. Ricoh Co., Ltd.,* Case No. 2:11-cv-39 (E.D. Tex. 2011). The *Canon* case was previously transferred to SDNY on September 30, 2011 and, on January 27, 2012, a motion to reconsider that decision was denied. (2:10-29, Dkt. No. 165.) With regard to the *Ricoh* case, the Court has today issued an order transferring that case to SDNY based on an analysis of the 1404(a) convenience factors. Accordingly, with the entry of this order, all three

cases will be concurrently pending in SDNY, where Judge Richard Sullivan (who now handles the *Canon* case) will be referred this case and the *Ricoh* case; effectively placing all three cases before the same Judge.[1]

## III. GETTY IMAGES' MOTION TO DISMISS (DKT. NO. 118)

### A. Applicable Law

In response to a challenge regarding personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *See Centre One v. Vonage Holdings Corp.*, 6:08-cv-467, 2009 WL 2461003, at *2 (E.D. Tex. Aug. 10, 2009) ("Once a movant challenges a court's jurisdiction over him, the party asserting jurisdiction bears the burden to show the movant has minimum contacts with the forum state to support jurisdiction over the movant.") (citing *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001)). In assessing personal jurisdiction, this Court is not required to credit conclusory allegations, even if uncontroverted. *Panda Brandywine v. Potomac Elc. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

In patent cases, trial courts to precedent from the Federal Circuit for guidance as to whether personal jurisdiction exists. *Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1201 (Fed. Cir. 2003). A court can exercise personal jurisdiction over an out-of-state defendant if the forum state's long-arm statute permits jurisdiction without violating federal due process. *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945). Since Texas' long-arm statute reaches as far as the federal constitutional requirements of due process will allow, the ultimate jurisdictional analysis becomes a federal due-process inquiry. *Variant, Inc. v. Flexsol Packaging Corp.*, 6:08-cv-478, 2009 WL 3082581, at *1 (E.D. Tex. Sept. 21, 2009). Due process requires that an out-of-state defendant have minimum contacts with the forum such that maintaining the suit does not

---

[1] The SDNY "Rules for the Division of Business Among District Judges" sensibly provides for the assignment of related cases to the same District Judge. *See* Rule 13.

3

offend traditional notions of fair play and substantial justice. *Int'l Shoe,* 325 U.S. at 316. "Under the minimum contacts test, a defendant may be subject to either specific jurisdiction or general jurisdiction." *Hockerson-Halberstady, Inc. v. Prophet USA, Inc.*, 62 Fed. Appx. 322, 336 (Fed. Cir. 2003).

### B. Analysis

Getty Images is not subject to either general or personal jurisdiction in this District. General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum in question. The types of contacts necessary to give rise to personal jurisdiction in this state include property ownership, payment of taxes, frequent travel, having an office or employee in Texas, designating an agent for service of process in Texas, and regular conduct of business or maintenance of bank accounts in Texas. *Harris v. Action Chrysler Jeep Dodge, Inc.*, 2:09-cv-286, 2010 WL 3489084, at *2 (E.D. Tex. Aug. 12, 2010). The record before this Court is clear. Getty Images is merely a holding company that has never done any business in Texas, never had any offices or employees in Texas, and has never paid taxes in Texas. Accordingly, the Court finds that Getty Images is not subject to general jurisdiction in this Court.

Not only does this Court not have general jurisdiction over Getty Images, it also does not have specific jurisdiction. Specific jurisdiction is based on activities that arise out of or relate to the cause of action and can exist even if the Defendant's contacts with the state are not continuous and systematic. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.,* 566 F.3d 1012, 1017 (Fed. Cir. 2009). A court may exercise specific jurisdiction when (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) the assertion of personal jurisdiction is reasonable and fair. *Id.* at 1019. Plaintiff has the burden of proving the first two prongs. Once Plaintiff has met that threshold,

then the Defendant has the burden to present a compelling case that the presence of other considerations would render jurisdiction unreasonable or unfair. *Id.* Here, there is no basis for Princeton Digital to assert that Getty Images is subject to specific jurisdiction in this District. There is no evidence in the record to support a plausible claim that Getty Images uses (and allegedly infringes) the technology at issue in Texas. In fact, because it is simply a holding company, there is no evidence before the Court that Getty Images uses allegedly infringing technology in *any* District. Accordingly, the Court finds that Getty Images is not subject to either general or specific jurisdiction in this Court.

While the record before the Court conclusively demonstrates that Getty Images is a holding company that is not subject to the jurisdiction of this Court, Getty Images admits and does not dispute that its operating subsidiary, Getty Images US, is properly subject to jurisdiction in Texas (and in both California and New York). Accordingly, Getty Images' Motion to Dismiss is **GRANTED** and Getty Images is dismissed from this suit. Further, Princeton Digital is **GRANTED** leave to file an amended complaint, within 14 days, naming Getty Images US as a party to this lawsuit.

IV.  **DEFENDANTS' MOTION TO TRANSFER VENUE (DKT. NO. 62)**

  A.  **Applicable Law**

Change of venue is governed by 28 U.S.C § 1404(a). Where "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). However, a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

The initial and threshold question to be answered is whether the suit could have originally been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then (and only then) must the court must weigh the relative public and private factors of the current venue against the transferee venue. *Id.* In making this determination, the Court considers several "private" and "public" interest factors, none of which are separately dispositive. *Id.* The "private" interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

    **B.**    **Analysis**

        1.    *Threshold Venue Inquiry*

The initial "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagen I*, 371 F.3d at 203. This is a threshold question. If the answer is no then the motion to transfer fails without further analysis.

Princeton Digital contends that the Defendants failed to meet their threshold burden of establishing that this suit could have originally been filed in the Northern District of California because "the motion is devoid of any support that jurisdiction and venue would have existed as to Getty Images within the Northern District of California on the day this suit was filed." (Dkt. No. 69, at 1.) Getty Images responds that this argument is misleading because Princeton Digital sued the wrong entity. Getty Images reasons that, as a holding company, it does not do business in any jurisdiction and therefore cannot be subject to suit in either EDTX or NDCA or anywhere else, for that matter.

Since the Court in this same order **DISMISSES** Getty Images from this suit (*Supra* § III.B), and because the Defendants' have shown that this lawsuit could have been properly filed against the remaining Defendants in NDCA (or SDNY), Princeton Digital's argument regarding the threshold question is moot. Accordingly, the Court now turns to an analysis of the public and private interest factors.

       2. *Public & Private Venue Factors: Practical Problems & Judicial Economy*

The Federal Circuit has emphasized that "judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *In re Google, Inc.,* 412 Fed. Appx. 295 (Fed. Cir. 2011) (citing *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)). "[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). To "permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Id.* (quoting *Cont'l Grain*, 364 U.S. at 26).

Princeton Digital originally filed three cases in the Eastern District of Texas. The first-filed case (*Canon*) was ordered transferred to SDNY in 2011 and the Court has transferred another related case (*Ricoh*) to SDNY today. Accordingly, these two closely related cases will be concurrently pending in SDNY. With regard to the above-captioned case (*Facebook*), Defendants argue that NDCA is a "more convenient" forum than EDTX; but the Court believes that the paramount consideration of judicial economy makes SDNY the *most* convenient forum. While some of the Defendants have existing business operations on the West Coast and some of the public and private venue factors weigh in favor of NDCA, fundamental principles of judicial economy together with the companion goal conserving the parties' resources clearly predominates over any inconvenience that may result from transferring this case to SDNY. This was confirmed in open court by the Defendants, who each indicated their consent to transfer this case to SDNY based on considerations of judicial economy and preservation of the parties' resources.[2]

An honest and reasoned consideration of §1404(a) justifies and supports transfer of this case to the same District Court, to be tried by the same District Judge, where both of its sister cases (*Canon* and *Ricoh*) are now pending. All three cases involve the same plaintiff, the same asserted patent and are sure to generate common questions of claim construction and validity. There can be no doubt that the "claim construction process requires a thorough understanding of the technology at issue, often demanding a substantial investment of time and energy." *Norman IP Holdings v. Lexmark Int'l., Inc.,* 6:11-cv-495, Dkt. No. 253, at 7-8 (E.D. Tex. Aug. 10, 2012). It is certain that the District Judge assigned to handle the *Ricoh* and *Canon* cases will invest the

---

[2] During the August 8, 2012 hearing held on this Motion, the Court inquired of each of the Defendants regarding whether SDNY would be a more convenient venue for this case. The Defendants maintained their position that NDCA was the most convenient forum, but each stated that SDNY would be "clearly more convenient" than EDTX and each consented to a transfer of venue to SDNY.

considerable time and resources required to analyze the asserted patent and understand the nuances of the parties' *Markman* positions. The *Facebook* case is certain to involve similar (if not identical) issues. Accordingly, basic logic and common sense compels a recognition that it simply "does not make any sense for two courts to plow the same ground." *Id*. Conversely, splitting these cases between SDNY and NDCA raises a substantial risk of inconsistent claim construction rulings, eviscerating the very principles of judicial economy and prevention of wastefulness that § 1404(a) was designed to promote. *Cont'l Grain*, 364 U.S. at 26. Such divergent constructions would create the very uncertainty, confusion and inefficiencies that our civil justice system disdains.

This Court is also mindful of the substantial inconvenience to the parties if these cases are divided between New York and California. It is logical for this Court to anticipate that the District Judge in SDNY will consolidate or coordinate all three cases for pretrial purposes. If so, Princeton Digital will only be required to bear the costs associated with its counsel's attendance at one scheduling conference in New York rather than separate scheduling conferences on opposite sides of the country. Further cost savings will be realized whenever issues, hearings, docket control orders, etc., are issued or held among the co-pending cases in SDNY. Further, the Defendants may choose to form a joint defense group or share local counsel in an effort to drive down litigation costs. Other efficiencies are generated when depositions and discovery are coordinated for common issues arising in all the related cases. *See Tivo Inc. v. Cisco Sys., Inc.,* 2:12-cv-311-JRG, Dkt. No. 27 (E.D. Tex. Aug. 13, 2012). These are only a few examples of the obvious efficiencies – for both Plaintiff and Defendant – that would be lost if these cases are split between different judges and different courts.

## V.      CONCLUSION

The Southern District of New York is the "clearly more convenient" venue, more so than either Plaintiff's preferred venue (EDTX) or Defendants preferred venue (NDCA). This is principally due to those traditional notions of judicial economy and efficient resource management arising from the existence of the *Canon* and as related actions which are now (pursuant to this order) concurrently pending in SDNY. Accordingly, Defendants' Motion to Transfer Venue is **GRANTED-AS-MODIFIED** and it is **ORDERED** that the above-captioned case be transferred to the United States District Court for the Southern District of New York.

**So ORDERED and SIGNED this 23rd day of August, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE